# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK AZEVEDO,<br><br>                Plaintiff,<br><br>        v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                Defendant. | Case No.  1:11-cv-01341-AWI-SAB<br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 USC § 406(b)<br><br>(ECF Nos. 36, 37) |

Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Frank Azevedo ("Plaintiff"), filed the instant motion for attorney fees on September 30, 2013.  Counsel requests fees in the amount of $17,893.75 pursuant to 42 U.S.C. § 406(b)(1).  Plaintiff has not objected to the request. On October 17, 2013, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.  On November 18, 2013, Plaintiff filed supplemental briefing requested by the Court.

## I.

## BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits and Social Security Income which was denied on February 24, 2010.  Plaintiff filed the instant Social Security action on August 11, 2011, in the United States District Court for the Eastern District of California.  On

1   March 21, 2013, the Court remanded the action for an award of benefits. On August 16, 2013,
2   the Court granted the parties' stipulation and ordered payment of attorney fees and costs pursuant
3   to the Equal Access to Justice Act ("EAJA") in the amount of $5,300.00.

4   On March 21, 2013, the Commissioner issued a decision granting Plaintiff's application
5   for benefits. (Declaration of Sengthiene Bosavanh, ¶ 3 attached to Motion, ECF No. 36.)
6   Plaintiff received $71,575.00 in retroactive benefits.[1] The Commissioner withheld $17,893.75
7   from the past-due benefit for attorney fees.[2] This amount equals 25 percent of the retroactive
8   benefit award.

9   In the instant motion, Petitioner seeks $17,893.75 for 54.5 hours of attorney time in
10  representing Plaintiff. Because the attorney fees received previously pursuant to the EAJA were
11  withheld to pay an overpayment due to the Social Security Administration, Counsel requests the
12  total $17,893.75 withheld from the past-due award. On November 1, 2013, the Court issued an
13  order requiring Petitioner to submit supplemental briefing with evidence that the EAJA fees were
14  withheld. On November 18, 2013, Plaintiff submitted documentation showing that the EAJA fees
15  were withheld to pay back child support.

## II.

## LEGAL STANDARD

18  In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a
19  judgment favorable to a claimant . . . who was represented before the court by an attorney," the
20  court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due
21  benefits to which the claimant is entitled by reason of such judgment." The payment of such

---

[1] Plaintiff received $47,767.00 in retroactive benefits. (Retirement, Survivors, and Disability Insurance Award for Frank Azevedo 3, ECF No. 36-2.) Each of his three children received $7,936.00 in retroactive benefits. (Retirement, Survivors, and Disability Insurance Award for Erick Azevedo 7, ECF No. 36-2; Retirement, Survivors, and Disability Insurance Award for Nick Azevedo 11, ECF No. 36-2; Retirement, Survivors, and Disability Insurance Award for Mike Azevedo 15, ECF No. 36-2.)

[2] The Commissioner withheld $11,941.75 from Plaintiff's award for attorney fees. (Retirement, Survivors, and Disability Insurance Award for Frank Azevedo 3, ECF No. 36-2.) The Commissioner withheld $1,984.00 from each of his children's awards for attorney fees. (Retirement, Survivors, and Disability Insurance Award for Erick Azevedo 7, ECF No. 36-2; Retirement, Survivors, and Disability Insurance Award for Nick Azevedo 11, ECF No. 36-2; Retirement, Survivors, and Disability Insurance Award for Mike Azevedo 15, ECF No. 36-2.)

1  award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

2  The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met her burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

**III.**

**DISCUSSION**

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 percent of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the Social Security

3

Administration." (Social Security Employment Agreement, attached to Motion, ECF No. 36-1.) Plaintiff's reward of benefits is substantial because the backpay dates back to July 2008 when his entitlement began. Accordingly, Plaintiff is receiving approximately 4 years of backpay from July 2008 through December 2012, for himself and his children which totals $71,575.00 in retroactive benefits. In determining the reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced attorney who secured a successful result for Plaintiff. This action was litigated for approximately two years before being remanded for an award of benefits. Counsel is requesting the 25 percent contingent-fee. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $17,893.75 which is 25 percent of the backpay award.[3] The $17,893.75 fee is not excessively large in relation to the past-due award of $71,575.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

When considering the total amount requested by Petitioner, the fee request translates to approximately $328.00 per hour for attorney time. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion). The amount requested is well within that considered not to be excessive.

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court. As a result of Petitioner's representation of Plaintiff in this action, claimant's appeal was granted and remanded for an award of benefits. Counsel also submitted a detailed billing statement which supports her request. (Affidavit of Sengthiene Bosavanh, ECF No. 36-3.)

Generally, an award of Section 406(b) fees must be offset by any prior award of attorney

---

[3] The Commissioner is incorrect in asserting that 25% of the fee here would be $23,838.33. (ECF No. 37 at 2.) The fee requested in this instance is 25% of the past due benefit awarded.

fees granted pursuant to the EAJA. Gisbrecht, 535 U.S. at 796. While the parties stipulated to attorney fees and costs pursuant to the EAJA in the amount of $5,300.00, Plaintiff's counsel asserts that this award was subject to an offset due to an overpayment from the Social Security Administration to Plaintiff. Since the EAJA fees were withheld by the Social Security Administration, the fees awarded pursuant to section 406(b) are not to be offset by the EAJA award.

## VI.
## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable and should not be offset by the EAJA award. Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $17,893.75 is GRANTED.

IT IS SO ORDERED.

Dated:   **November 19, 2013**

UNITED STATES MAGISTRATE JUDGE